**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLACKBOOK CAPITAL, INC., and FRANKLIN OGELE,<br><br>                Plaintiffs,<br><br>     v.<br><br>THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., et al.,<br><br>                Defendants. | Civil Action No. 19-cv-21772<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This case involves Defendant the Financial Industry Regulatory Authority Inc.'s ("FINRA") decision to expel Plaintiff Blackbook Capital, Inc. ("Blackbook"), after Blackbook failed to fully comply with a disciplinary settlement agreement with FINRA. Presently before the Court is FINRA's motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 11. Blackbook and *pro se* Plaintiff Franklin Ogele[1] filed two briefs in opposition, D.E. 12, 16, and Defendant filed a brief in reply, D.E. 18. Also pending before the Court is Plaintiffs' motion for leave to file an amended complaint. D.E. 13. Defendant filed a brief in opposition, D.E. 17, to which Plaintiffs replied, D.E. 19.[2] The Court reviewed all

---

[1] Mr. Ogele is also a licensed attorney.

[2] Defendant's brief in support of its motion to dismiss (D.E. 11-1) will be referred to as "Def. Br."; Plaintiffs' initial brief in opposition to the motion to dismiss (D.E. 12) will be referred to as "Plfs. Br."; Plaintiffs' second brief in opposition (D.E. 16) will be referred to as "Plfs. Supp. Br."; and Defendant's reply brief (D.E. 18) will be referred to as "Def. Reply." Plaintiffs' brief in support of their motion to amend (D.E. 13-1) will be referred to as "Plfs. MTA Br."; Defendant's brief in

submissions made in support and in opposition to the motions, and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons stated below, Defendant's motion to dismiss is **GRANTED** and Plaintiffs' motion for leave to file an amended complaint is **DENIED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Blackbook was a broker-dealer registered with the Securities and Exchange Commission ("SEC"), and a member of FINRA.  Am. Compl. ¶ 12.  Plaintiff Franklin Ogele owned more than seventy-five percent of Blackbook. *Id.* ¶ 25.  In 2014, Defendant performed a routine investigation of Blackbook and identified infractions of FINRA rules.  To avoid litigation, and without admitting to the alleged infractions, Blackbook and Defendant agreed to settle the infractions for a fee of $50,000 through a letter of Acceptance, Waiver and Consent (the "AWC"). *Id.* ¶ 12.  Blackbook paid a majority of the fine. *Id.* ¶¶ 5, 13.  But after Blackbook failed to complete payment, Defendant expelled Blackbook from FINRA and published notice of the disciplinary action and Blackbook's failure to pay its $50,000 fine on the Central Registration Depository ("CRD"), a database that can be accessed by the public. *Id.* ¶ 3.  Plaintiffs contend that Blackbook voluntarily withdrew its SEC broker-dealer registration, "and effectively its FINRA membership" before FINRA expelled Blackbook. *Id.* ¶ 9.

Plaintiffs filed their Complaint on December 23, 2019, followed by an Amended Complaint on January 16, 2020.  D.E. 1, 9.  In their Amended Complaint, Plaintiffs assert eight claims against Defendant for Blackbook's expulsion from FINRA and FINRA's publication of the entire $50,000 fine.  Counts One through Four challenge FINRA's regulatory actions and

---

opposition (D.E. 17) will be referred to as "Def. MTA Opp."; and Plaintiffs' reply brief (D.E. 19) will be referred to as "Plfs. MTA Reply".

enforcement of its rules, Counts Five and Six assert state law tort claims due to FINRA's decision to publish the entire $50,000 fine assessed against Blackbook and to expel Blackbook. Counts Seven and Eight are constitutional challenges related to the structure of FINRA.

On February 18, 2020, Defendant filed a motion to dismiss arguing that this Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1), and that the Amended Complaint fails to state a claim, pursuant to Rule 12(b)(6). D.E. 11. Plaintiffs subsequently filed an opposition to Defendant's motion to dismiss as well as a motion for leave to file a second amended complaint. D.E. 12, 13. Plaintiffs' proposed amended complaint includes a new Defendant and asserts a new claim alleging that FINRA violated Plaintiffs' Fifth Amendment Due Process rights. D.E. 13-1. On March 3, 2020, FINRA submitted a letter requesting that the two motions be heard together. Plaintiffs consented to FINRA's request. D.E. 14.

## II. MOTION TO DISMISS STANDARD

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the plaintiff to prove that the Court has jurisdiction. *Id.* In this instance, FINRA mounts a facial challenge to this Court's subject matter jurisdiction.

Defendant also seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

In addition, pursuant to Federal Rule of Civil Procedure 15(a)(2), a court must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[t]he Third Circuit has shown a strong liberality in allowing amendment under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities," *Bair v. City of Atlantic City*, 100 F. Supp. 2d 262, 265 (D.N.J. 2000) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)), it has also consistently held that "a District Court may deny leave to amend on the grounds the amendment would cause undue delay or prejudice, or that amendment would be futile." *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (quoting *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308 (2007). "Futility of an amended complaint is reviewed under the 'same standard of legal sufficiency as applies under [Rule] 12(b)(6).'" *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002)). Accordingly, the Court considers the motions together.

### III.   ANALYSIS

FINRA contends that the Court lacks subject matter jurisdiction because "Congress set forth the exclusive means for review of final actions in FINRA disciplinary proceedings, which includes a system of appeal first to the SEC and then to the United States Courts of Appeals." Def. Br. at 15. FINRA continues that this Court lacks jurisdiction because Blackbook waived its right to administrative remedies, including its right to appeal, through the AWC. *Id.* at 16.

FINRA is an independent, self-regulatory organization ("SRO") registered with the SEC that oversees broker-dealers and registered representatives. *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 92-93 (3d Cir. 2018). FINRA exercises disciplinary authority over its members through rules governing the brokerage industry. The SEC must approve all of FINRA's rules, and the rules must be consistent with both SEC rules and the Exchange Act. *Id.* at 93; 15 U.S.C. § 78s(b)(1), § 78s(b)(2)(C)(1). Thus, the FINRA Code of Procedure governs disciplinary proceedings against securities firms. *Fiero v. Fin. Indus. Regulatory Auth., Inc.*, 660 F.3d 569, 571 (2d Cir. 2011). FINRA disciplinary hearings are conducted by hearing panels, and a decision from a hearing panel may be appealed to the FINRA National Adjudicatory Council ("NAC"), which can affirm, modify, or reverse the hearing panel's decision. *Id.* at 572. "NAC decisions may then be appealed to the SEC, . . . and from the SEC to the United States Court of Appeals." *Id.*; *see also* 15 U.S.C. § 78y(a)(1) (explaining that "[a] person aggrieved by a final order of the

5

[SEC] . . . may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business").

It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). Moreover, the doctrine of administrative remedies applies to FINRA disciplinary proceedings. *PennMont Sec. v. Frucher*, 586 F.3d 242, 245-56 (3d Cir. 2009). Thus, district courts lack subject matter jurisdiction to review FINRA disciplinary decisions. *See id.* at 246 ("Typically, when a litigant refuses to exhaust the available administrative remedies provided by the Exchange Act, a district court may not exercise jurisdiction over the case."); *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 700 (3d Cir. 1979) (explaining that administrative exhaustion is required and that after exhaustion "the company would have full and ample opportunity to present its due process and statutory claims to the court of appeals," and not the district court). Because it entered into the AWC, Am. Compl. ¶ 12, Ex. 3, Blackbook is not seeking review of a final order from the SEC that would have resulted had it pursued the administrative appeals process.

FINRA may settle allegations against a member firm or associated person by entering into an AWC. Pursuant to FINRA Rule 9216(a)(1), by agreeing to an AWC, the firm or person "agree[s] to waive . . . any right to appeal to the National Adjudicatory Council, the SEC, and the courts, or to otherwise challenge the validity of the letter." FINRA Rule 9216(a)(1). If accepted by the NEC, an AWC constitutes a final settlement between FINRA and the member firm or person. FINRA Rule 9216(a)(4). Here, Blackbook entered into the AWC on March 14, 2014, agreeing to the following sanctions: "1) a censure; 2) a fine of $50,000; and 3) to take specific corrective action within 90 days of FINRA's acceptance of the AWC." Am. Compl. Ex. 3. The

AWC constitutes a final settlement between the parties. *See* FINRA Rule 9216(a)(4). Accordingly, Blackbook waived its right to seek administrative review of the settlement and penalties through the AWC.

The Court lacks jurisdiction to entertain Plaintiffs' claims as they relate to the AWC and FINRA's purported discriminatory enforcement of rules, which ultimately led to the disciplinary proceeding and AWC. If Plaintiffs wanted to challenge FINRA's application of its regulatory rules, the proper channel would have been to use the comprehensive administrative review process set forth in the Securities Exchange Act of 1934. *See Mohlman v. Fin. Indus. Regulatory Auth., Inc.*, No. 19-154, 2020 WL 905269, at *5 (S.D. Ohio Feb. 25, 2020) (explaining that plaintiff that voluntarily entered into an AWC "cannot not ask this Court to reconsider the decision he made . . . several years ago)".

Plaintiffs also seek review of FINRA's conduct after the AWC, specifically FINRA's decision to expel Blackbook and publish the full fine in the CRD. FINRA argues that these claims must be dismissed because FINRA is absolutely immune for conduct related to its regulatory functions. Def. Br. at 19. This issue has not been addressed by the Third Circuit. Other circuits, however, have determined that FINRA and its officers "are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities." *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011); *see also Cent. Registration Depository v. Fin. Indus. Regulatory Auth., Inc.*, 459 F. App'x 662, 663 (9th Cir. 2011) ("The district court properly concluded that FINRA enjoys absolute immunity from money damages for its regulatory activity, including the maintenance and disclosure of information regarding stockbrokers through the CRD database."). District courts within the Third Circuit have also reached the same conclusion. *See Buscetto v. Fin. Indus. Regulatory Auth., Inc.*,

No. 11-6308, 2012 WL 1623874, at *4 n.4 (D.N.J. May 9, 2012) ("Dismissal of Plaintiff's complaint is also warranted because FINRA is entitled to immunity from this action, as it arises from FINRA's exercise of its regulatory functions."); *In re Olick*, No. 99-5128, 2000 WL 354191, at *4 (E.D. Pa. Apr. 4, 2000) (affirming bankruptcy court's decision that FINRA's predecessor, NASD, "was absolutely immune from liability for actions taken in furtherance of its regulatory duties").

In Counts Six and Seven, Plaintiffs seek non-monetary damages in the form of an order expunging the allegedly false disclosure and posting a retraction. Am. Compl. ¶¶ 78, 86. But the Court is not aware of any legal authority through which the Court could provide Plaintiffs with their requested relief. *See Buscetto*, 2012 WL 1623874, at *4 (granting motion to dismiss claim to expunge FINRA disciplinary action and records because Plaintiff failed to set forth a legal basis to do so); *see also Turbeville v. Fin. Indus. Regulatory Auth.*, 874 F.3d 1268, 1276 (11th Cir. 2017) (affirming decision that there is no "private right of action for plaintiffs seeking to sue SROs for violations of their own internal rules").

Notably, Plaintiffs fail to address whether FINRA is entitled to immunity or explain how the Court could legally provide their requested relief. As a result, the Court follows the weight of persuasive authority and concludes that FINRA is entitled to absolute immunity for its regulatory conduct and that there is no private right of action to assert claims related to FINRA's regulatory conduct. In this instance, Counts One through Six pertain to FINRA's application of its rules, the decision to accept the AWC and its conduct after Blackbook failed to pay the entire fine. Accordingly, Counts One through Six pertain to FINRA's regulatory activity and are dismissed.

Finally, Plaintiffs assert three claims alleging that FINRA itself and its conduct here is unconstitutional.³ Before the Court can address the specific contours of Plaintiffs' claims, it must resolve a threshold issue. A constitutional violation can only occur when the alleged wrongful conduct "can properly be ascribed to the government" because the Constitution only "protects against *state* interference with fundamental rights." *Citizens for Health v. Leavitt*, 428 F.3d 167, 177 (3d Cir. 2005). While not directly addressed by the Third Circuit, the Third Circuit has determined that NASD, FINRA's predecessor, was a private entity, such that its conduct cannot amount to state action. *See Epstein v. Sec. Exch. Comm'n*, 416 F. App'x 142, 148 (3d Cir. 2010); *see also Epstein v. Fin. Indus. Regulatory Auth., Inc.*, No. 09-1567, 2009 WL 971419, at *4 (D.N.J. Apr. 9, 2009) (concluding that FINRA, "formerly known as NASD, and its employees . . . are not state actors"). Plaintiffs argue that other circuits have determined that FINRA is a state actor and that the Court should also conclude the same. But Plaintiffs provide no authority demonstrating why the Third Circuit would now conclude otherwise and find that FINRA's conduct amounts to state action. Plfs. MTA Reply at 3. Accordingly, this Court follows the weight of authority within the Third Circuit, and also determines that FINRA is a private entity. Plaintiffs, therefore, cannot bring their constitutional claims against FINRA. Defendant's motion to dismiss is granted on these grounds for Counts Seven and Eight, and Plaintiffs' motion to amend is denied.⁴

---

³ To be clear, Plaintiffs' Amended Complaint asserts two constitutional challenges (Counts Seven and Eight) and Plaintiffs' proposed amended pleading asserts a third claim alleging a Fifth Amendment Due Process violation.

⁴ In their motion for leave to amend, Plaintiffs also sought to add a new defendant. Because Plaintiffs' amended complaint is dismissed in its entirety and Plaintiffs cannot assert their proposed new claim, the Court need not address whether Plaintiffs can assert claims against a new defendant.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (D.E. 11) is **GRANTED**. The dismissed claims are dismissed without prejudice and Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. Further, Plaintiffs' motion for leave to file an amended complaint (D.E. 13) is **DENIED**. To be clear, although the Court is denying Plaintiffs' motion to file the current proposed amended complaint, it is granting Plaintiffs an opportunity to file another amended complaint that complies with this Opinion. An appropriate Order accompanies this Opinion.

Dated: August 10, 2020

_____<br>John Michael Vazquez, U.S.D.J.