UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BLACKBOOK CAPITAL, INC., and
FRANKLIN OGELE,

        Plaintiffs,

v.

THE FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC., et al.,

        Defendants.

Civil Action No. 19-cv-21772

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This case concerns the decision of Defendant, the Financial Industry Regulatory Authority Inc.'s ("FINRA"), to expel Plaintiff Blackbook Capital, Inc. ("Blackbook") after Blackbook failed to fully comply with a disciplinary settlement agreement with FINRA. Presently before the Court is FINRA's motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 24. Blackbook and *pro se* Plaintiff Franklin Ogele[1] filed a brief in opposition, D.E. 25, and Defendant filed a brief in reply, D.E. 26.[2] The Court

---

[1] Mr. Ogele is also a licensed attorney. As a result, the Court permitted him to represent Blackbook because an entity cannot proceed *pro se*. *See In re 69 N. Franklin Turnpike, LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel.").

[2] On November 2, 2020, and without leave from the Court, Plaintiffs filed a sur-reply. D.E. 27. FINRA requests that the Court disregard Plaintiffs' November 2 filing because Plaintiffs violated Local Civil Rule 7.1(d)(6). D.E. 28. Local Civil Rule 7.1(d)(6) provides that "no sur-replies are permitted without permissions of the Judge or Magistrate Judge to whom the case is assigned." L. Civ. R. 7.1(d)(6). Because Plaintiffs did not comply with the Local Rules when filing their sur-reply, and since the Court does not need Plaintiffs' sur-reply to decide the instant motion, the Court disregards Plaintiffs' sur-reply.

reviewed all submissions made in support and in opposition to the motion,[3] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

Blackbook was a broker-dealer registered with the Securities and Exchange Commission ("SEC") and a member of FINRA. *See* SAC ¶¶ 43-57. Plaintiff Franklin Ogele owned more than seventy-five percent of Blackbook. *Id.* ¶ 27. Plaintiffs filed their Complaint on December 23, 2019, followed by an Amended Complaint on January 16, 2020, that among other things, challenged Blackbook's expulsion from FINRA. D.E. 1, 9. Plaintiffs also brought constitutional challenges related to the structure of FINRA. *Id.* On February 18, 2020, Defendant filed a motion to dismiss arguing that this Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim. D.E. 11. Plaintiffs subsequently filed an opposition to Defendant's motion to dismiss, as well as a motion for leave to file a second amended complaint. D.E. 12, 13. On August 10, 2020, this Court granted Defendant's motion to dismiss, dismissing the Amended Complaint in its entirety, and denied Plaintiffs' motion to amend on futility grounds. D.E. 20, 21. The Court, however, provided Plaintiffs with leave to file an amended pleading that remedied the identified shortcomings. *Id.*

Plaintiffs filed the SAC on September 4, 2020, D.E. 22, seeking a declaratory judgment stating that FINRA is unconstitutional and that all FINRA actions challenged in the SAC should be declared null and void, s*ee, e.g.*, SAC ¶ 22. Plaintiffs also assert claims that challenge FINRA's regulatory actions and enforcement of its rules. *Id.* ¶¶ 43-70. But Plaintiffs' claims are virtually

---

[3] Defendant's brief in support of its motion to dismiss (D.E. 24-1) will be referred to as "Def. Br."; Plaintiffs' brief in opposition to the motion to dismiss (D.E. 25) will be referred to as "Plfs. Br."; and Defendant's reply brief (D.E. 26) will be referred to as "Def. Reply."

identical to the claims that they asserted in the Amended Complaint, which the Court previously dismissed. On October 2, 2020, FINRA filed the instant motion to dismiss, arguing that the SAC should be dismissed under the law of the case doctrine, res judicata and collateral estoppel, and because the Court lacks subject matter jurisdiction to hear Plaintiffs' claims. D.E. 24.

## II.     MOTION TO DISMISS STANDARD

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). For a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the plaintiff to prove that the Court has jurisdiction. *Id.* In this instance, FINRA mounts a facial challenge to this Court's subject matter jurisdiction.

Defendant also seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a

3

plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

FINRA maintains that the SAC should be dismissed in its entirety because it contains identical causes of action as the Amended Complaint, which the Court has already dismissed. FINRA contends that the SAC must be dismissed pursuant to the law of the case doctrine, Def. Br. at 16-18, and that *res judicata* and collateral estoppel bar Plaintiffs from reasserting their previously dismissed claims, *id.* at 18-20. Plaintiffs do not address these arguments.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)); *see also Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once is has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)). The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *In re Cont'l Airlines, Inc.*, 279 F.3d at 233 (quoting *Christianson*, 486 U.S. at 816). As a result, a litigant is not provided with "a second opportunity to litigate a matter that has been fully considered by a

4

court of coordinate jurisdiction, absent unusual circumstances." *Krys v. Aaron*, 106 F. Supp. 3d 472, 480 (D.N.J. 2015). A court can, however, reconsider a previously decided issue if extraordinary circumstances exist, "such as if new evidence becomes available, a supervening law has been introduced, or the prior decision was 'clearly erroneous and would create manifest injustice.'" *Walker v. Coffey*, 956 F.3d 163, 170 (3d Cir. 2020) (quoting *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

Here, Plaintiffs assert the same claims in the SAC as in the Amended Complaint and provide no new factual allegations. Moreover, Plaintiffs' arguments in opposition to Defendant's motion to dismiss the SAC are the same arguments that the Court addressed in its August 10, 2020 Opinion, and do not address any new changes in the law. Thus, Plaintiffs failed to fix any of the identified deficiencies from the August 10 Opinion and seek for the Court reconsider its prior arguments. This is precisely what the law of the case doctrine is intended to prevent. As a result, the Court concludes that the parties are bound by the August 10 Opinion, and the SAC is dismissed for the same reasons addressed therein.[4]

When dismissing a case, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v.*

---

[4] Because the SAC is dismissed in its entirety based on the law of the case doctrine, the Court does not address Defendant's remaining arguments for dismissal. The Court notes, however, that both *res judicata* and collateral estoppel require a final judgment, which does not yet exist in this matter. *See Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) ("A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008))); *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) (explaining that the following requirements must be satisfied for collateral estoppel to apply: "(1) the issue must be identical; (2) the issue must have actually been litigated in a prior proceeding; (3) the prior court must have issued a final judgment on the merits; (4) the determination of the issue must have been essential to the prior judgment; and (5) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the earlier proceeding.").

*Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id*. at 115. Defendant Ogele is proceeding *pro se*, but he is also a licensed attorney whose legal training and experience puts him in a superior position to other *pro se* plaintiffs as to understanding legal requirements. Because Plaintiffs have seemingly made no effort to address in the SAC the shortcomings noted in the Court's prior Opinion, the Court infers that Plaintiffs are unable to do so. As a result, any potential amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.E. 11) is **GRANTED with prejudice**. An appropriate Order accompanies this Opinion.

Dated: May 5, 2021

                                    _____
                                    John Michael Vazquez, U.S.D.J.